1
2
3

4          UNITED STATES BANKRUPTCY COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6   In re

7   THAO TRAN and ANDREW HUNGLAM
    NGUYEN,                                      No. 09-10549
8                          Debtor(s).
    _____/
9
    JEFFRY LOCKE, Trustee,
10

11                          Plaintiff(s),

12          v.                                   A.P. No. 09-1055

13  THAO TRAN and ANDREW HUNGLAM
    NGUYEN,
14
                           Defendant(s).
15  _____/

16
                    Memorandum After Trial
17                  _____

18        The initial petition, schedules and statement of affairs filed by counsel for Chapter 7 debtors

19  Thao Tran and Andrew Hunglam Nguyen contained horrific omissions.  Neither the petition nor the

20  statement of affairs reflected that the Nguyens owned and were operating a furniture store.  None of

21  the business assets were listed.  Real property owned by the Nguyens was not disclosed in the

22  Schedule A.  Two vehicles, a 2008 Mercedes and a 2006 Lexus, were omitted from Schedule B.  A

23  large payment to counsel made just before the filing was not mentioned.   A bank account containing

24  over $13,000.00 was not disclosed.  The court has never seen such materially false bankruptcy papers

25  in any other bankruptcy case.

26        The Nguyens did not bring any of the omissions to the attention of plaintiff Jeffry Locke, the

                                        1

Chapter 7 trustee assigned to the Nguyens' case. He discovered the furniture business during his questioning at the 341 hearing and asked his attorney, Ray Olmstead, to take at look at the premises. Olmstead discovered a large showroom filled with furniture. When he looked in the office of the furniture store, he noticed an insurance card describing a 2008 Mercedes. He also noticed paperwork for a storage locker.

When Olmstead realized that there was a large inventory of furniture which belonged to the estate, he asked the trustee's auctioneers, Scott and Tom Dupont, to examine the store premises. Scott Dupont called Andrew Nguyen to arrange an appointment. He asked to view the premises at 1:00 P.M. on a certain day. Nguyen told him that he could not be there at 1:00 P.M., and suggested 4:00 P.M., to which Dupont agreed. However, the Duponts arrived at 1:00 P.M. anyway, to discover Nguyen loading up two large vans with furniture from the store. The Duponts asked him to return the furniture from the vans to the store, and Nguyen complied.

Sensing that the furniture store premises were not secure, the Duponts returned that evening and placed chain locks on the doors. They returned the next morning at 8:00 A.M. and discovered that they had not secured one door and it looked like furniture from the store had been removed through that door. Tom Dupont then remembered seeing a van of the same type Nguyen had used the day before parked a few blocks away. Upon investigating, he discovered that the van was filled with furniture from the store. Nguyen then showed up and complied with Dupont's request that he return the furniture to the store.

Through his investigations, Olmstead discovered that the Nguyens did in fact own a 2008 Mercedes. At the continued meeting of creditors, Olmstead asked Andrew Nguyen about the storage locker. Nguyen admitted owning the locker, but told Olmstead that it contained only "garbage." This statement was false. It was full of valuable furniture, including several couches.

The Nguyens continued to operate their business unlawfully for about a month after they filed their bankruptcy petition. When Locke asked him to account for about $20,000.00 in funds which passed through his hands, Nguyen stated that he lost them gambling. Nguyen later produced copies of

2

1  certified checks for about $14,000.00 paid to vendors during this period, and changed his story to state

2  that he only lost the missing balance of about $5,500.00 by gambling.

3     It is clear that the Mercedes at least was actively concealed from Locke. The Nguyens had

4  disclosed the Mercedes to their attorney, who had included it in a draft of the schedules. However, his

5  office deleted it without question when asked to do so by the Nguyens. This concealment was made

6  with the intent to hide the vehicle from an  from an officer of the estate and requires denial of the

7  Nguyens' discharge pursuant to  § 727(a)(2)(B) of the  Bankruptcy Code.

8     Nguyen knew that he was not allowed to remove furniture from the store because he had been

9  stopped from removing furniture by the Duponts earlier the same day and could see that chain locks

10  had been placed on the doors. He nonetheless returned in the night and removed a van load of

11  furniture through the one door that had not been secured. He therefore removed property of the estate

12  after the filing with the intent to hinder Locke. This act requires the court to deny the Nguyens'

13  discharge pursuant to  § 727(a)(2)(B) of the Bankruptcy Code. There is no mitigation in the fact that

14  when discovered by happenstance Nguyen returned the stolen furniture.

15     The court does not believe that Andrew Nguyen lost any money gambling. He has offered no

16  evidence to corroborate  this explanation for the missing money, and he changed his story as to how

17  much he gambled away after he was able to produce some copies of certified checks for part of the

18  missing funds. The court finds it more likely that Nguyen has secreted the funds and is concealing

19  them from Locke.[1]  This act also requires denial of discharge pursuant to  § 727(a)(2)(B) as well as  §

20

21

22     [1] Courts have consistently held that vague and unsubstantiated claims of gambling losses do not
   satisfactorily explain loss of assets so as to preserve a right to discharge. *In re Dolin*, 799 F.2d 251 (6th

23  Cir.1986); *Matter of Reed*, 700 F.2d 986, 993 (5th Cir. 1983); *In re Wilch*, 157 B.R. 342, 345
   (Bkrtcy.N.D.Ohio 1993); *In re Burns*, 133 B.R. 181, 185 (Bkrtcy.W.D.Pa.1991); *In re McMahon*, 116

24  B.R. 857, 861 (Bkrtcy.M.D.Fla.1990); etc., etc.  Nguyen  has not come anywhere near substantiating
   his gambling claims.

25

26

Case: 09-01055    Doc# 14    Filed: 01/22/10    Entered: 01/22/10 17:04:37    Page 3 of 4

727(a)(5).

The court notes that it is not relying on the false schedules in reaching its conclusion that the Nguyens are not entitled to a discharge, as their counsel has admitted that he changed the schedules before he filed them and they were never actually signed by the Nguyens. It is clear to the court that the attorney, Joel J. Margolis, is not fit to practice law. He will be the subject of disciplinary action. Among his many other transgressions, Margolis failed to properly counsel the Nguyens and allowed his non-lawyer wife to handle the Nguyens' case without any meaningful supervision.

There is no doubt that competent advice of counsel, if followed, would have preserved the Nguyens' discharge. Reliance on the advice of counsel can, in some cases, vitiate the finding of intent necessary to deny a discharge. However, it is no defense to a finding of active concealment and lying to an officer of the estate that their attorney did not tell them not to. The Nguyens actively concealed their ownership of the Mercedes. Andrew Nguyen lied about the gambling losses and the contents of the storage locker, and he stole property of the estate. The absence of proper legal advice cannot excuse these acts.

For the foregoing reasons, the Nguyens will be denied a discharge. Locke shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Locke submit an appropriate form of judgment forthwith.

Dated: January 22, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

4